# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID ANTHONY McKINNEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-486-DRH |
| | ) | |
| **ALBERTO GONZALES,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Plaintiff, a federal inmate in the United States Penitentiary located in Florence, Colarado (USP-Florence), brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In this action, Plaintiff seeks damages for alleged retaliation for filing a grievance and for being disciplined without due process of law. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
 (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
 (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### THE COMPLAINT

Plaintiff alleges that in March or May 2004, he filed a complaint against Prison Industries and the United States Penitentiary located in Marion, Illinois, for discriminating against minorities in the assignment of prison jobs. Plaintiff states that he was "teamed" by Defendants Meade and Lamer for filing this complaint. Plaintiff contends that this "team" was improperly constituted.

Plaintiff further alleges that on May 21, 2004, he was placed in the Special Housing Unit (SHU) by Defendants Whitecotton and Meade. Plaintiff states that he was given an "incident report" by Defendant Patterson. Plaintiff contends that Defendant Patterson refused to write down his witnesses and would not allow Plaintiff to make a statement on the incident report.

Plaintiff states that he appeared before a disciplinary committee comprised of Defendants Lamer and Myres. Plaintiff claims that the disciplinary committee was improper because Lamer was prejudiced against him. Plaintiff further claims that Defendants Lamer and Myers denied his requests for certain evidence and for continuances to allow him to obtain his paperwork.

### DISCUSSION

"Bivens actions, like actions under § 1983, are considered as personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *Lewellen v. Morley*, 875 F.2d 118, 120 (7th Cir.1989); see also *Hardin v. Straub*,

490 U.S. 536, 539, 109 S.Ct. 1998, 2000-01, 104 L.Ed.2d 582 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279, 105 S.Ct. 1938, 1948-49, 85 L.Ed.2d 254 (1985)." *Delgado-Brunet v. Clark,* 93 F.3d 339, 342 (7th Cir. 1996). In Illinois the statute of limitations for personal injury suits is two years. 735 ILCS § 5/13-202; *Delgado-Brunet v. Clark,* 93 F.3d at 342. The statute begins to run "when the plaintiff discovers, or by exercise of due diligence would have discovered" he has been injured and who cause the injury. *United States v. Duke*, 229 F.3d 627, 630 (7th Cir. 2000). From the complaint and attachments (which includes appeals and grievances filed by Plaintiff), it is clear that Plaintiff knew of his injury and who caused his injury in May of 2004. The complaint, however, was not filed in this Court until July 2, 2007. Consequently, the instant action is time barred.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:** February 14, 2008.

/s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3